UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LINDA WOOD,

  Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

  Defendant.

Case No. 1:08-cv-882

Barrett, J.
Black, M.J.

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

This is a Social Security appeal brought pursuant to 42 U.S.C. § 405(g). At issue is whether the administrative law judge ("ALJ") erred in finding that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (*See* Administrative Transcript ("Tr.") (Tr. at 15-24) (ALJ's decision)).

**I.**

Plaintiff filed an application for DIB and SSI on November 12 and December 5, 2002, alleging a disability onset date of March 27, 2002. (Tr. 108-10, 384-86). Her application was denied initially and on reconsideration. Plaintiff then requested a hearing *de novo* before an ALJ. An evidentiary hearing, at which Plaintiff was represented by counsel, was held on November 14, 2004. (Tr. 398-432).

Plaintiff's claim was denied, and on June 8, 2007, the Appeals Council remanded

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

the case back to the ALJ. An additional hearing was held on March 27, 2008. (Tr. 433-472.)

On June 27, 2008, the ALJ entered his decision denying Plaintiff's claim. That decision stands as Defendant's final determination consequent to denial of review by the Appeals Council on October 31, 2008. (Tr. 6-9.)

The ALJ's "Findings," which represent the rationale of the decision, were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2008.

2. The claimant has not engaged in substantial gainful activity since March 27, 2002, the alleged onset date (20 CFR 404.1520(b), 404.1571 et seq., 416. 920(b) and 416.971 et seq.)

3. The clamant has the following severe impairments: history of fractured right clavicle with two open reduction internal fixation surgeries and chronic nonunion of right clavicle (20 CFR 404.1520(c) and 416.920(c).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can lift, carry, push and pull ten pounds frequently; twenty pounds occasionally with her dominant left upper extremity. She is able to sit and stand/walk up to six hours each in an eight-hour workday. She can use her non-dominant right upper extremity to assist the left arm and to occasionally reach and handle five pounds. She can occasionally climb ladders, ropes and scaffolds.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

| | |
|---|---|
| 7. | The claimant was born on November 13, 1965 and was 36 years old, which is defined as a younger individual, age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963). |
| 8. | The claimant has a marginal education and is able to communicate in English (20 CFR 404.1564 and 416.964). |
| 9. | Transferability of job skills is not an issue in this case (20 CFR 404.1568 and 416.968.) |
| 10. | Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c) and 416.966). |
| 11. | The claimant has not been under a disability, as defined in the Social Security Act, from March 27, 2002 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)). |

(Tr. 15-23).

In summary, the ALJ concluded that Plaintiff was not under a disability as defined by the Social Security Regulations and was therefore not entitled to DIB and/or SSI.

On appeal, Plaintiff maintains that: (1) the ALJ erred in failing to find that her impairments met the requirements for Listing 1.07; (2) the ALJ erred in failing to give controlling weight to the opinions of Plaintiff's treating physicians; (4) the ALJ erred in failing to consider Plaintiff's impairments in combination; and (4) the ALJ erred in evaluating Plaintiff's pain, credibility, and subjective complaints. Each argument will be addressed in turn.

**II.**

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In performing this review, the Court considers the record as a whole. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. As the Sixth Circuit has explained:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994).

Upon consideration of an application for disability benefits, the ALJ is guided by a sequential benefits analysis, which works as follows: At Step 1, the ALJ asks if the claimant is still performing substantial gainful activity; at Step 2, the ALJ determines if one or more of the claimant's impairments are "severe;" at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the ALJ determines whether or not the claimant can still perform her past relevant work; and, finally, at Step 5 – the step at which the burden

of proof shifts to the ALJ – the ALJ determines, once it is established that the claimant can no longer perform her past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Gwizdala v. Commissioner of Soc. Sec.,* No. 98-1525, 1999 WL 777534, at *2 n.1 (6th Cir. Sept. 16, 1999) (per curiam).

The claimant bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). That is, she must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

## A.

Plaintiff argues first that the ALJ erred in failing to find that her impairments relating to her clavicle fracture met or medically equaled the requirements of Listing 1.07. Plaintiff maintains that although her injury is not specifically addressed by this Listing, her impairments meet or equal the requirements of a Listing. Plaintiff's assertion is unavailing.

> Listing 1.07 requires:
>
> Fracture of an upper extremity with nonunion of a fracture of the shaft of the humerus, radius, or ulna, under continuing surgical management, as defined in 1.00M, directed toward restoration of functional use of the extremity, and such function was not restored or expected to be restored within 12 months of onset.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.07.

Moreover, when a claimant has an impairment that is not described in the listings, found at 20 C.F.R. Pt. 404, Subpt. P, App. 1, an adjudicator may still find that a listing is medically equaled, but only if there are medically acceptable clinical and laboratory results that are "at least of equal significance" to the criteria of a "closely analogous listed impairment." 20 C.F.R § 404.1526(a), (b), (e). The ALJ need not consult a medical expert before rejecting a claimant's allegation of equivalence, but s/he may not find equivalence in favor of a claimant without the assistance of a medical expert if the state agency physicians indicated no equivalence. *See* SSR 96-6p.

Here, Plaintiff asserts that her impairments should equal the Listing because her clavicle fracture limits the functioning of her right arm. However, as noted by the Commissioner, pursuant to SSR 83-12, permanent loss of use of an entire arm, even through amputation, does not direct a finding of disabled. A key element of Listing 1.07 is that the claimant must be engaged in "continuing surgical management" as defined by the regulations. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00M, 1.07. Once surgical management ends with maximum medical improvement, the regulations instruct evaluation of "demonstrable residual limitations." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00N.

Here, Dr. Katzell was the only physician who actually performed surgical management, and he first found maximum medical improvement in October 2002, barely six months after the injury, after he had a successful union. (Tr. 277). Significantly, even before then he recommended that she was "in need of return to work." (Tr. 280). Thus,

the Commissioner asserts that because a listing presumes an inability to work due to the severity of the criteria involved, the fact that Plaintiff's treating surgeon wanted her to work while still recovering further shows that Plaintiff's injury and care did not medically equal Listing 1.07. The undersigned agrees.[2]

Consistent with the regulations and medical opinions, the ALJ reasonably found no equivalence for a continuous 12 month period, and went on to determine her residual limitations in his RFC determination. Accordingly, the undersigned finds that the ALJ did not err in failing to find that Plaintiff's impairments did not meet or medically equal any Listing.[3]

**B.**

For her next assignment of error, Plaintiff maintains that the ALJ erred in failing to give deference to the opinion of Dr. Katzell, Plaintiff's treating physician. Plaintiff's assertion lacks merit.

An ALJ must give the opinion of a treating source controlling weight if he or she finds that the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." *Wilson v. Commissioner of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)). Deference is due, however, only when the

---

[2] Plaintiff later re-broke her bone, apparently by exceeding her restrictions, and a second surgery was unable to achieve union. (Tr. 273-74). Dr. Katzell, however, explicitly found a "permanent light duty restriction" less than 12 months after her original injury. (Tr. 259).

[3] Further, the clavicle is one of the bones supporting the shoulder joint. The ALJ considered the collarbone under Listing 1.02 (Tr. 20), which is a listing for major dysfunction of the shoulder, and found that Plaintiff' impairments did not meet or equal the Listing requirements.

7

physician supplies sufficient medical data to substantiate his diagnosis and opinion. *Giddings v. Richardson,* 480 F.2d 652, 656 (6th Cir. 1976). Mere diagnosis of a condition is not indicative of a disabling functional debilitation. *See Varley v. Secretary of Health & Human Servs.,* 820 F.2d 777, 780 (6th Cir. 1987).

The ALJ must provide "specific reasons for the weight given to a treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson,* 378 F.3d at 544 (citing Soc. Sec. Rul. 96-2p). Nonetheless, the ultimate determination of whether a claimant is "disabled" rests with the Commissioner, and not with the treating physician. *See* Soc. Sec. Ruling 96-5p; *see also Varley,* 820 F.2d at 780.

Here, at their last treatment session, Dr. Katzell opined that Plaintiff was limited to a permanent "light duty restriction with this extremity," including five pounds maximum lifting and avoidance of use above the horizontal. (Tr. 259). Moreover, Dr. Kitay, a state agency physician, opined that Plaintiff's right arm was limited in reaching and handling in "all directions (including overhead)," and could lift no more than five pounds. (Tr. 293). Dr. Kitay believed his assessment was not significantly different from the treating source opinions. (Tr. 296).

Thus, Plaintiff argues that the ALJ's RFC finding for light work is not supported by substantial evidence because light work is defined as "lifting no more than 20 pounds a time with frequent lifting or carrying of objects weight up to 10 pounds." 20 C.F.R.

§416.967. Plaintiff's argument is misplaced.

At the hearing, the vocational expert considered Dr. Kitay's assessment and found that it allowed performance of a significant number of jobs. (Tr. 464-65). The vocational expert also considered Dr. Katzell's earlier opinion which included the limitation to no lifting above horizontal (but also allowed lifting up to 15 pounds) and found that it did not affect the ability to perform the identified jobs. (Tr. 468). Although the ALJ did not use the word "horizontal" in the RFC finding (Tr. 20), he clearly relied on Drs. Katzell and Kitay (Tr. 19), and the vocational expert testified that Dr. Katzell's "horizontal" limitation allowed for a significant number of jobs. (Tr. 464-69).

More importantly, the ALJ's RFC assessment is consistent with Dr. Katzell's findings. The ALJ found that Plaintiff was limited to light level work "except" that most of the lifting, pulling, carrying, and pushing would be performed by the dominant left hand. (Tr. 20). Thus, the limitation to five pounds on the nondominant right hand is consistent with the opinions of Drs. Katzell and Kitay. (Tr. 20, 259, 291-96). Further, as noted by the Commissioner, SSR 83-12 instructs that even those who lose total use of an arm "have been known to perform selected occupations at nearly all exertional levels" and recommends that an ALJ seek the testimony of a vocational expert, as the ALJ did here.

The ALJ's RFC is thus well-supported and consistent with Agency rules and regulations. Accordingly, the undersigned finds that the ALJ did not err in weighing the medical opinions of record.

9

## C.

For her next assignment of error, Plaintiff asserts that the ALJ failed to consider all of her impairments in combination. Specifically, Plaintiff maintains that the ALJ failed to address any limitations associated with her leg problems, hemorrhoids, depression or anxiety. Plaintiff's assertions are unavailing.

The ALJ addressed Plaintiff's depression and anxiety and explained why they did not merit limitations. (Tr. 18). He relied on Dr. Stoeckel's opinion and the fact that Plaintiff's depression was controlled by medication. (Tr. 18). Indeed, Plaintiff herself testified that her medication "just pulls the depression away." (Tr. 456).

As for the other two alleged limitations, the Commissioner correctly notes that "it is well settled that [a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party." *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 507-08 (6th Cir. 2006) (quoting *Loral Defense Systems-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir.1999)). Thus, disability may be found under the Act only when there is a medically determinable impairment, and that impairment is expected to result in death, or causes an inability to work lasting at least 12 continuous months. 42 U.S.C. § 423(d)(1)(A), (2)(A); 20 C.F.R. §§ 404.1505(a), 404.1509. *Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989) (district court cited evidence not discussed by Agency to find duration requirement not met).

Furthermore, SSR 96-7p instructs "[n]o symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints

may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms." The Sixth Circuit has also repeatedly held that the Act requires objective medical evidence of an impairment that could reasonably cause the alleged symptoms. *See Walters*, 127 F.3d at 531; *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847 (6th Cir. 1986).

With respect to Plaintiff's alleged "leg problems," Plaintiff testified that she had twitching in her legs since "way before" her surgeries (Tr. 457-58), but the record fails to support her allegations. Similarly, although Plaintiff's now asserts that the ALJ erred in failing to discuss her hemorrhoids, she did not allege any problems from hemorrhoids at the hearing. (Tr. 457-58). Moreover, the record does not contain evidence of limitations lasting 12 continuous months from hemorrhoids, but instead shows only one isolated and successfully treated case of internal hemorrhoids a few months before the hearing. (Tr. 359, 364).

Accordingly, Plaintiff's assignment of error lacks merit.

**D**.

For her final assignment of error, Plaintiff maintains that the ALJ erred in evaluating her pain, credibility, and subjective complaints. Plaintiff asserts, *inter alia*, that the ALJ improperly placed significant emphasis on Plaintiff's failure to stop smoking. Plaintiff's assertions are unavailing.

Moreover, it is within the discretion of the ALJ - who actually meets with and takes testimony from an individual plaintiff - to evaluate that plaintiff's credibility. As

the Sixth Circuit has found: "[i]t is for the [Commissioner], not a reviewing court, to make credibility findings." *Felisky v. Bowen,* 35 F.3d 1027,1036 (6th Cir. 1994); *see also McGuire v. Commissioner of Soc. Sec.,* No. 98-1502, 1999 WL 196508, at *6 (6th Cir. Mar. 25, 1999) (per curiam) ("An ALJ's findings based on the credibility of an applicant are to be accorded great weight and deference, particularly since the ALJ is charged with the duty of observing a witness's demeanor and credibility").

Here, the ALJ noted that despite Plaintiff's claims of disabling symptoms, there is no evidence of consistent loss of neurological function and objective testing reveals that Plaintiff's condition has improved. (Tr. 22). The ALJ further found that objective testing demonstrates no electrodiagnostic abnormalcies of her upper extremities. (*Id.*) (citing Tr. 230; Dr. Paley's normal left and right ulnar condition study, and finding of no evidence of left and right ulnar neuropathy of the elbow.)

Finally, the ALJ properly considered that Plaintiff engaged in a variety of daily activities, and it was appropriate for him to consider this factor in making his credibility finding. *See Warner*, 375 F.3d at 392 ("The administrative law judge justifiably considered Warner's ability to conduct daily life activities in the face of his claim of disabling pain.").

As noted above, the issue is not whether the record could support a finding of disability, but rather whether the ALJ's decision is supported by substantial evidence. *See Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). The ALJ properly evaluated Plaintiff's allegations in accordance with controlling law,

and he reasonably concluded that they were not fully credible. The ALJ's credibility finding is entitled to deference and thus should be affirmed. *See Jones v. Commissioner of Social Security*, 336 F.3d 469, 476 (6th Cir. 2003).

Here, the Commissioner asserts that the ALJ found Plaintiff not fully credible because she had large gaps in treatment, was presently taking no pain medication at all, was noncompliant with the recommendations of her physicians, and Dr. Stoeckel noted that Plaintiff gave invalid effort during her testing. (Tr. 18). The ALJ discussed her recent clinical examinations, which were inconsistent with her allegations of inability to use her right arm and hand (Tr. 21). Dr. Hanington found "good passive range of motion," "no intrinsic atrophy," and 5/5 (normal) motor strength (Tr. 353). Dr. Clarke found no limitation of shoulder motion, "no significant swelling over the clavicle," "normal deep tendon reflexes," "reasonably good strength," and no "popping or catching at her clavicle" (Tr. 349). Dr. Clarke noted that Plaintiff had "not been compliant" with the other doctors' recommendations and it appeared "that her symptoms are a bit magnified" (Tr. 349).

Moreover, contrary to Plaintiff's assertion, however, her smoking is additional evidence that her credibility was properly challenged by the ALJ. *See Russell v. Secretary of Health & Human Servs.,* No. 90-1395, 1990 WL 209576, at *3 (6th Cir. Dec. 19, 1990) ("This court has held that when a claimant's lifestyle contributes to his symptoms ... he is not entitled to disability benefits .... Plaintiff's unwillingness to [stop smoking and thus] relieve his symptoms undermines the credibility of his claims ....").

As noted above, the issue is not whether the record could support a finding of disability, but rather whether the ALJ's decision is supported by substantial evidence. *See Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). The ALJ properly evaluated Plaintiff's allegations in accordance with controlling law, and he reasonably concluded that they were not fully credible. The ALJ's credibility finding is entitled to deference and thus should be affirmed. *See Jones v. Commissioner of Social Security*, 336 F.3d 469, 476 (6th Cir. 2003).

### IT IS THEREFORE RECOMMENDED THAT:

1. The decision of the Commissioner is **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and should be **AFFIRMED.**

2. As no further matters remain pending for the Court's review, this case should be **CLOSED.**

Date: February 18, 2010            s/Timothy S. Black
                                                                Timothy S. Black
                                                                United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


LINDA WOOD,                                    Case No. 1:08-cv-882

    Plaintiff,                              Barrett, J.
                                            Black, M.J.
vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## NOTICE

Attached hereto is the Report and Recommended Decision of the Honorable Timothy S. Black, United States Magistrate Judge. Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations **within 14 days** after being served with this Report and Recommendation. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).