UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LINDA WOOD,

    Plaintiff

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No.: 1:08CV882

Judge Michael R. Barrett

# ORDER

Before the Court is Magistrate Judge Black's February 18, 2010 Report and Recommendation (hereinafter "Report") (Doc. 15). In the Report, Magistrate Judge Black recommends that the decision of the Administrative Law Judge ("ALJ") be found to be supported by substantial evidence and affirmed. Plaintiff filed Objections to the Magistrate's Report (Doc. 16). Defendant filed a response (Doc. 17).

I.    Objections

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the assigned district judge "shall make a de novo determination...of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed. R. Civ. P. 72(b). After review, the district judge "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id; see also* 28 U.S.C. 636(b)(1)(B). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object. In

the instant matter, Defendant did not raise any specific objections to the Report; however, it appears from its recitation of its memorandum in opposition to Plaintiff's statement of errors that Defendant objects to the Magistrate Judge's finding that its decision was not supported by substantial evidence.

II.     Background Facts and Procedural History

The facts and procedural history is properly set forth in the Report and will not be repeated here. (See Doc. 15). On appeal, Plaintiff maintains that: (1) the ALJ erred in failing to find that her impairments met the requirements for Listing 1.07; (2) the ALJ erred in failing to give controlling weight to the opinions of Plaintiff's treating physicians; (3) the ALJ erred in failing to consider Plaintiff's impairments in combination; and (4) the ALJ erred in evaluating Plaintiff's pain, credibility, and subjective complaints.  The Magistrate Judge found Plaintiff's assertions to be unavailing.  In her objections, Plaintiff objections to the Magistrate Judge's findings as to whether she met the requirements for Listing 1.07 and the ALJ's failure to give controlling weight to Dr. Katzell, her treating physician.  However, Plaintiff does not raise any new arguments.  She only restates her previous arguments without setting forth how she believes the Magistrate Judge erred in his analysis.

III.    Analysis

  A.    Standard of Review

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence.  42 USC § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might

accept as adequate top support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In performing this review, the Court must consider the administrative record as a whole, *Kirk v. Secretary of Health & Human Servs.*, 667 F.2d 536 (6th Cir. 1981), but may consider only the evidence submitted to the final decision-maker, here the ALJ. *See Foster v. Halter,* 279 F.2d 348, 357 (6th Cir. 2001). The substantial evidence standard presupposes that "there is a zone of choice within which the [ALJ] may proceed without interference from the court." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). This zone of choice includes resolving conflicts in the evidence and deciding questions of credibility. *Gaffney v. Bowen*, 825 F.2d 98, 100 (6th Cir. 1987). Consequently, this Court should defer heavily to such findings by the ALJ. See *Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994). If substantial evidence supports the ALJ's finding of non-disability, that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky*, 35 F.3d at 1035 (citing *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986)).

    B.  <u>Determination of Disability</u>

  The Social Security Act defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 20 CFR § 404.1505(a). The issue of disability is determined through a five-step sequential process set forth at 20 CFR § 404.1520. Step one requires determining whether the claimant is engaging in substantial gainful activity. If

not, the inquiry moves to step two, which determines whether the claimant's impairments, individually or in combination are "severe." If a severe impairment is found, step three inquires as to whether the claimant's impairment meets or medically equals the requirements of any impairment in the Listing of Impairments at Appendix 1, Subpart P, Regulations No. 4, 20 CFR Part 404. If the claimant's impairment is not of listing-level severity, then step four requires inquiry into whether the claimant has the residual functional capacity (RFC) to perform past relevant work. *Id.* If the claimant shows that she cannot perform past relevant work because of impairments, the burden of proof shifts to the Social Security Administration in step five. The Administration must then identify other jobs existing in significant numbers in the national economy that the claimant can perform. If at any point it is determined that the claimant is or is not disable, the inquiry stops. *Id.* For example, if the ALJ determines at step four that the claimant can perform her past relevant work, the ALJ need not complete the sequential analysis. *See* 20 CFR § 404.1520(a). However, if the ALJ errs in finding that the claimant can perform her past relevant work; the matter should be remanded for further consideration under step five. *See Wyatt v. Secretary of Health & Human Servs.*, 974 F.2d 680, 684 (6th Cir. 1992); *Lauer v. Bowen,* 818 F.2d 636, 641 (7th Cir. 1987). The claimant bears the ultimate burden of proof by sufficient evidence that she is entitled to disability benefits, 20 CFR § 404.1512(a).

C. Listing 1.07

Plaintiff takes issue with the ALJ dismissing her argument that Listing 1.07 should be reviewed for medical equivalence. She asserts that her clavicle was not restored within twelve months, despite her attempts at treatment. Plaintiff also points out that Listing 1.07 was not even mentioned in the ALJ's decision.

Listing 1.07 requires the following:

> Fracture of an upper extremity with nonunion of a fracture of the shaft of the humerus, radius, or ulna, under continuing surgical management, as defined in 1.00M, directed toward restoration of functional use of the extremity, and such function was not restored or expected to be restored within 12 months of onset.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.07. Plaintiff argues that her case should be found to equal Listing 1.07 even though it is not specifically addressed in the Listing. An impairment will be deemed medically equivalent to a listed impairment if there are medically acceptable clinical and laboratory results shown in the medical evidence that are at least equal in severity and duration to the listed impairment. *Land v. Sec'y of Health & Human Servs.*, 814 F.2d 241, 245 (6th Cir. 1986); 20 C.F.R. §401.1526(a), (b), (e). "Generally, the opinion of a medical expert is required before a determination of medical equivalence is made." *Retka v. Comm'r of Soc. Sec.*, 70 F.3d 1272 [table], 1995 U.S. App. LEXIS 35546, 1995 WL 697215, at *2 (6th Cir. 1995) (citing 20 C.F.R. § 416.926(b)). "It is the claimant's responsibility" to bring evidence of a claimed equivalency to the attention of the ALJ. *Jones v. Astrue*, 2009 U.S. Dist. LEXIS 79659, 31-33 (S.D. Ohio Aug. 12, 2009), Adopted by, Remanded by *Jones v. Astrue*, 2009 U.S. Dist. LEXIS 80444 (S.D. Ohio, Sept. 1, 2009), *citing Stevens v.*

5

*Apfel*, 165 F.3d 28, 1998 WL 708728, at *2 (1998). Here, Plaintiff has not directed the Court to an opinion from Dr. Katzell, her treating physician, or any other medical expert, directly equating her impairment to one under Listing 1.07 (see Docs. 9, 16).

The signature of a state agency physician on a disability determination is probative evidence that medical equivalence was considered. *Hicks v. Comm'r of Soc. Sec.*, 105 Fed. Appx. 757,762 (6th Cir. 2004) ("The signature of a State agency medical or psychological consultant . . . ensures that consideration by a physician . . . designated by the Commissioner has been given to the question of medical equivalence.") (quoting SSR. 96-6p, 1996 SSR LEXIS 3, 61 Fed. Reg. 34,466, 34,468 (July 2, 1996)); *Sheets v. Bowen*, 875 F.2d 867, 1989 WL 47444, at *4 (6th Cir. 1989) (citing SSR 83-19, 1983 SSR LEXIS 24). The State agency physician, Dr. Kitay, did not find a equivalence to Listing 1.07.

In addition, Listing 1.07 refers to a fracture of an "upper extremity." This listing refers to fractures of an arm and does not include the clavicle bone which instead is a bone of the shoulder. Listing 1.02 addresses shoulder dysfunction and was properly addressed and rejected by the ALJ.

For the reasons set forth above and in the Report, the Court does not find the ALJ erred.

### D.     Treatment of Treating Physicians' Medical Opinions

The ALJ is not bound by a treating physician's conclusory statement that the claimant is "disabled." *See Miller v. Secretary of Health & Human Servs.*, 843 F.2d 221, 224 (6th Cir. 1988). However, the ALJ must give the opinion of a

treating source controlling weight if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record."  *Wilson v. Commissioner of Soc. Sec.*, 378 F.3d 544 (6th Cir. 2004)(quoting 20 CFR § 404.1527(d)(2)).  On a claim for social security disability benefits, "substantial deference and, if opinion is uncontradicted, complete deference must be given to medical opinions and diagnoses of treating physicians."  *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).  If the ALJ decides to discount the treating physician's medical opinion, the ALJ must provide "specific reasons for the weight given to a treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."  *Wilson v. Commissioner Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)(citing Soc. Sec. Rul. 96-2p).

Here, Dr. Katzell was only one of several treating physicians.  He is, however, the doctor that performed her two surgeries.  Dr. Katzell last saw Plaintiff in March, 2003.  Thereafter, Plaintiff sporadically saw, at least, three other surgeons, from December 2003 to May 2007, who all recommended a third surgery only after Plaintiff stopped smoking.  (Tr. 19-20).  The ALJ gave greatest weight to the state agency physician, Dr. Kitay.  The ALJ also gave lesser weight to Dr. Clark's and Dr. Marcus' opinions "as they appear to be based primarily on the claimant's self report." (Tr. 22).  The ALJ does not state that she gave lesser weight to the opinion of Dr. Katzell, which would be required if lesser weight was

given. Furthermore, Dr. Kitay reviewed the opinion of Dr. Katzell and Dr. Kitay's opinion was very similar to that of Dr. Katzell. What Plaintiff is really arguing is that the ALJ improperly ignored the opinions of Drs. Katzell and Kitay whose opinions limited her to lifting five pounds with her right arm and limited her range of motion. Dr. Katzell opined that she could not use her right arm above horizontal, whereas Dr. Kitay opined that the right arm is limited in all directions, including overheard. (Tr. 259, 291). In addition, the opinion of Dr. Katzell is in line with the residual functional capacity which Plaintiff she can "lift, carry, push, and pull ten pounds frequently; twenty pounds occasionally with her dominant left upper extremity...and can use her non-dominant right upper extremity to assist the left arm and occasionally reach and handle five pounds." (Tr. 20; 290-297). As set forth in the Report and the testimony of the vocational expert, the vocational expert considered hypothetical questions from the ALJ that contained the opinions of both Dr. Kitay and Dr. Katzell. (Tr. 464).

For the reasons set forth above and in the Report, the Court does not find the ALJ erred.

### IV. Conclusion

Thus, the Court finds that the decision of the ALJ is supported by substantial evidence. The Report and Recommendation is hereby ADOPTED (Doc. 15). The ALJ decision is AFFIRMED and this matter is hereby CLOSED.

**IT IS SO ORDERED.**

*s/Michael R. Barrett*
UNITED STATES DISTRICT JUDGE